Grimke, J.
This is an information in the nature of a quo warranto from the county of Cuyahoga. It comes before the court on a motion to quash the proceedings. The first reason assigned is, because the information was filed without any leave previously given, either by the Supreme Court of the state, or any judge thereof, pursuant to the provisions of the statute in such cases provided, entitled an act relating to informations in the nature of quo warranto'and regulating the mode of proceeding therein, and without any application for such leave being made by the prosecuting attorney of Cuyahoga county, and without any direction to file the same being given either by the governor, the general assembly, or the Supreme Court of the state, other than is contained in a paper in the words following :
“ To the prosecuting attorney of Cuyahoga county : The undersigned judges of the Supreme Court of the State of Ohio, in obedience to the statute relating to proceedings in the nature of quo warrantoi, passed March 17, 1838, require you to institute proceedings forthwith against the Ohio Railroad Company, returnable at the *361 next term of the court in Cuyahoga county, commanding them to show by what warrant they exercise the franchise of a bank) either by the issue of notes, bills, drafts, or evidences of debt- designed to circulate or be used as money, or in any other way.” To this order is signed the names of all four of the judges of the Supreme Court.
861] ^Section 1 of the act of March 17,1838, enacts that “ the prosecuting attorney of any county of this state shall, when directed by the governor, supreme court, or general assembly, or he may upon his own relation, or the relation of any private individual, upon leave granted by the supreme court in' term time, or any judge thereof in vacation, file an information in the nature of a quo warranto’’ etc. This is the only provision in the act which it is necessary to notice; and the mere recital of it is sufficient to show that the order in this case was unauthorized. It was not directed by the governor, the supreme court, or the general assembly, and the names of the judges which are signod must bo considered as placed there in their individual capacities. If the order had been granted upon the relation of the prosecuting attorney or of any private individual, it would have been good, because in that case the law provides that a single judge in vacation may do that which, without such application, can only be done by the court, and the fact that the writ was directed by all four, instead of by one only, of the judges, would not in that event have lessoned its authority. There is no way, therefore, of avoiding the effect of the motion, and the proceedings must be quashed. And the court having now retraced their steps, and admitted their orror, will proceed to do that which they intended to do before, and will direct an order to be made requiring the prosecuting attorney of Cuyahoga county forthwith to institute proceedings against the Ohio Railroad Company as is directed by the act of March, 1838.
Motion granted.
No arguments came to the hands of the reporter.