Lane, C. J.
It is admitted that all the heirs were of age, more than two years before the filing this bill, except the plaintiff; that the decedent was a citizen of Pennsylvania, and that his will takes effect as a good devise under Pennsylvania laws.
Two questions are presented:
1. Whether the will, valid in Pennsylvania, is valid here, there being no subscribing witness.
*2. Whether the right of the plaintiff being saved from [363 the statute of limitations, if the will be set aside, it shall be wholly annulled, or only as to the plaintiff’s proportionate share.
*364 The statute of 1831, under which this will was admitted for record, and under which this suit was instituted, provides that authenticated copies of wills of other states may be admitted for record here, “and shall be good and valid in law, in like manner as wills made in this state.” In a case, maturely considered and finally decided, 8 Ohio, 239, the effect of this clause was held to be merely a provision to dispense with the further proof of authentication; but that the will itself, although operative under the laws of the place where made, affected no property in Ohio, except it was eouformable to the provisions of our own statutes. A different consequence followed the statute of 1805, which rendered valid such foreign wills, executed after the laws of the place where made. So the present statute of 1840 gives the same validity to any such wills as are executed in any state or territory of the United States; but, under the act of 1831, this paper was improperly admitted for record.
An attempt is made to give effect to this paper under the present statute, which repeals all prior laws, provided such repeal “ shall not affect any act done, or any right or estate accrued, or any suit or proceeding commenced; but the proceedings in every such case shall be conformed to the provisions of this act.” Whatever be the interpretation of these provisions, to us it seems plain they do not divest the plaintiff of the inheritance which, long before, had descended upon her.
The next question is, if the exemption of the plaintiff from the statute of limitations avails for all the heirs, so aB to set aside the whole will. Where common interests can be severed, the protection of the statute extends no further than to him within its provisions. 10 Ohio, 11, 135. But where no such severance can be made, and the protection of the statute can not be secured without covering other interests, the benefit of the statute claimed by one 364=] avails all. It is *so in a writ of error, which is an entire thing. 3 Ohio, 49. And such a consequence attends this suit, for when, on contest, this paper is judicially found not to be the will of Dugan, the order of probate is annulled, and the act thus avoided transmits no estate. Decree for the complainants.