The Attorney General is in receipt of your request for an opinion wherein you ask the following questions: "1. Does 10 O.S. Sec. 361[10-361] [10-361] et seq. (1971) limit gifts distributed by the Santa Claus Commission to orphans? "2. Does the distribution of gifts by the Santa Claus Commission to inmates of correctional institutions constitute an improper use of State funds and/or an improper use of State facilities; office space, etc.? "3. If in fact improper expenditures have been made, are Commission members subject to prosecution and/or repayment of funds improperly expended?" In response to your first question, 10 O.S. 361 [10-361] and 10 O.S. 362 [10-362] (1971) provide: "There is hereby created a commission to be known as the Santa Claus Commission for the orphan children of the State of Oklahoma, consisting of three members to be appointed by the Governor of the State of Oklahoma, by and with the consent and approval of the State Board of Public Affairs of the State of Oklahoma, who shall have authority to purchase a Christmas Present for every orphan child who is an inmate of an orphans home in the State of Oklahoma, which is sup ported in whole or in part by public funds, and whose duty it shall be to see that every orphan in any orphans home in the State of Oklahoma, supported in whole or in part by appropriations out of the State Treasury, shall receive at Christmas time a Christmas present." (Emphasis added) 10 O.S. 361 [10-361] (1971). "Said Commission shall meet at the call of the Governor of the State of Oklahoma at least thirty days prior to the 25th day of December of the next and succeeding calendar years in the office of the State Board of Public Affairs, and they, together with the Governor of the State of Oklahoma and the State Board of Public Affairs, shall make a list of the orphans in the orphan homes of the State of Oklahoma, supported in whole or in part by the State of Oklahoma and shall purchase for said orphans suitable and appropriate Christmas gifts, and make such rules and regulations for their distribution as they may deem proper. Said Board of Affairs is hereby expressly authorized to receive and accept, for and on behalf of the State of Oklahoma, gifts and contributions from any person, firm or individual, and utilize such gifts and contributions by causing same to be fairly and equally distributed to the orphans of the State of Oklahoma; said Commission shall work under the supervision and direction of the State Board of Public Affairs, and it is hereby authorized to accept toys and other suitable gifts, made or manufactured, by the inmates of the several institutions of the State of Oklahoma, and to distribute same to the orphans." (Emphasis added) 10 O.S. 362 [10-362] (1971). It is elementary that legislation will be interpreted according to the plain and ordinary meaning of the language used. In re: Certification of Question of State Law, 560 P.2d 195 (Okla. 1977); Nickkel v. Stifel, Nicolaus Co., Inc., 542 P.2d 1305 (Okla. 1975). Moreover, the courts will not "expand the plain meaning of the words by construction." Ridley Packing Company v. Holliday, 476 P.2d 480, 482 (Okla. 1970). The statutory language found in 10 O.S. 361 [10-361] and 10 O.S. 362 [10-362] (1971) is clear. The giving of gifts by the Santa Claus Commission to orphans in State supported orphan homes is limited by the express language of the pertinent statutes. The recipients of such gifts are restricted to those persons who are orphans and who reside at an orphans home supported in whole or in part by the State of Oklahoma. Your first question must, therefore, be answered in the affirmative. In light of the answer to your first question, it is axiomatic that your second question, likewise, be answered in the affirmative. Since 10 O.S. 361 [10-361] and 10 O.S. 362 [10-362] (1971) operate as a limitation on expenditures by the Santa Claus Commission, it follows that any expenditures beyond such limitations would be unauthorized. In answer to your third question, a distinction must be made on the basis of whether or not any improper expenditures have been made with intent to defraud the State. As with any criminal case, the prosecution of such a matter must be on a case by case basis in the discretion of the District Attorney serving in the jurisdiction wherein such misappropriation occurs. Regarding the repayment of money improperly expended, the Santa Claus Commission members are subject to a civil action brought by the State of Oklahoma for restitution regardless of criminal intent. Additionally, 74 O.S. 2 [74-2] (1971) provides for the possible removal from office of any Commission member for malfeasance in office. Section 2 provides: "The Governor shall have power to remove any officers appointed by him, in case of incompetency, neglect of duty, or malfeasance in office; and may then, fill the same as provided in cases of vacancy." Therefore, members of the Santa Claus Commission, being State officers appointed by the Governor, are subject to removal from office for neglect or malfeasance in office at the discretion of the Governor. It is, therefore, the official opinion of the Attorney General that your question be answered as follows: Title 10 O.S. 361 [10-361] et seq. (1971) expressly limits the recipients of gifts from the Santa Claus Commission to those persons who are orphans and who also reside in orphan homes supported in whole or in part by the State of Oklahoma. Any expenditures beyond the statutory limitations, with the exception of those expenditures necessary and incidental to the giving of gifts as authorized, are unauthorized. Any member of the Santa Claus Commission who wilfully authorizes improper expenditures with intent to defraud the State is subject to criminal prosecution on a case by case basis in the discretion of the District Attorney in the jurisdiction wherein any such improper expenditure is made. Absent any criminal intent, a Commission member who improperly authorizes the expenditure of State monies would be subject to a civil action for recovery of such monies as well as removal from office by the Governor pursuant to 74 O.S. 2 [74-2] (1971). (DANNY K. SHADID) (ksg)