John A. FREEMAN, Jr., Plaintiff,

v.

Howard McCORMACK and American Farm Lines, Inc., Defendants.

No. CIV–79–0398–T.

United States District Court, W. D. Oklahoma.

Feb. 5, 1980.

Wm. D. Watts and Richard A. Rogoff of Andrews, Davis, Legg, Bixler, Milsten & Murrah, Inc., Oklahoma City, Okl., W. Ted Minick of Winstead, McGuire, Sechrest & Trimble, Dallas, Tex., for plaintiff.

Wm. L. Peterson, Jr. and Raymond E. Tompkins of Hanson, Peterson & Tompkins, Inc., Oklahoma City, Okl., for American Farm Lines.

James P. Linn, James A. Kirk and William P. Warden of Linn, Helms, Kirk & Burkett, Oklahoma City, Okl., for McCormack.

## ORDER

RALPH G. THOMPSON, District Judge.

This action is before the Court on the defendant Howard McCormack's motion for partial summary judgment. The motion asks the Court to determine that no private civil cause of action exists under Section 17(a) of the Securities Act of 1933. Plaintiff has responded in opposition to the motion and briefs have been submitted by the parties in support of their respective positions.

Defendant McCormack asserts that an analysis of the factors set forth in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), indicates that Congress did not intend to create a private right of action through § 17(a). In response, plaintiff asserts that whether Congress intended to create a private right of action through

§ 17(a) is only an academic debate as plaintiff has joined his § 17(a) claim with a claim for relief pursuant to § 10(b) of the Securities Exchange Act of 1934. Furthermore, plaintiff argues, the Tenth Circuit would hold that a § 17(a) claim may be prosecuted when joined with an allegation of fraud such as plaintiff's § 10(b) claim for relief. *Utah State Univ. v. Bear, Stearns & Co.,* 549 F.2d 164 (10th Cir. 1977).

The Court is not convinced that the Tenth Circuit would allow an implied private claim for relief under § 17(a), whether joined with a § 10(b) claim or otherwise. The Supreme Court has recently determined that § 206 of the Investment Advisers Act of 1940 does not imply an additional private cause of action. *Transamerica Mortgage Advisor's Inc. v. Lewis,* 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979). There the Court noted that some portions of the Act in question clearly implied a private right to relief in a federal court but that the specific section of the Act under consideration did not make any such implication. The Court stated that while this was only circumstantial evidence, it nevertheless weighed against the implication of a private right of action for a monetary award.

Section 12 of the Securities Act of 1933 expressly provides a private right of action to those persons injured by a violation of § 5 of the Act. Section 12 goes on to expressly provide a private right of action to anyone injured by acts that, in substance, constitute a violation of § 17(a)(2) of the Act. It is therefore apparent that Congress did not intend to provide a private right of action either implied or expressed to persons injured by a violation of § 17(a). Those activities which constitute a violation of § 17(a)(2) and are also a violation of § 12(2) of the Act may be prosecuted by private civil action pursuant to the authority granted by § 12 of the Act. However, that there are portions of § 17(a) not encompassed by the scope of private civil actions under § 12 indicates that Congress did not intend to permit such suits for those activities. Accordingly, the Court concludes that § 17(a) does not imply any private

right of action. Defendant McCormack's motion for partial summary judgment determining that no private civil action exists under § 17(a) of the Securities Act of 1933 is therefore granted.

It is so ordered.