Herman GELLER, et al., Plaintiffs,

v.

PRUDENTIAL–BACHE SECURITIES, INC., et al., Defendants.

No. CIV–83–1726–T.

United States District Court,
W.D. Oklahoma.

Sept. 30, 1983.

Stephen L. Gerdes, Schumacher, Gilroy, Skudlarek, Raynor & Gerdes, John T. Carpenter, Miller, Carpenter, Rowen Fitzgerald & Coe, Omaha, Neb., Ralph A. Sallusti, Oklahoma City, Okl., for plaintiffs.

C. Craig Cole, Dickerson, Cole, Bruce & Huff, Roy J. Davis, Ann M. Threlkeld, Andrews, Davis, Legg, Bixler, Milsten & Murrah, George W. Dahnke, Hastie & Kirschner, John B. Hayes, Looney, Nichols, Johnson & Hayes, Oklahoma City, Okl., John M. Friedman, Jr., Martha E. Solinger, Dewey, Ballantine, Bushby, Palmer & Wood, New York City, Richard C. McDugald, John N. Hermes and Steven W. Bugg, Oklahoma City, Okl., for defendants.

ORDER

RALPH G. THOMPSON, District Judge.

This action is before the Court for consideration of the Motion to Dismiss filed by defendants Prudential-Bache Securities, Inc. and Bache Energy Corp. Defendants' motion seeks to have plaintiffs' Fifth Cause of Action dismissed on the grounds that Section 17(a) of the Securities Act of 1933

does not provide for a private civil cause of action. The defendants' motion primarily relies upon *Freeman v. McCormack,* 490 F.Supp. 767 (W.D.Okla.1980).

In light of the Supreme Court's statements in *Herman & MacLean v. Huddleston,* 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983), that "[a] cumulative construction of the securities laws also furthers their broad remedial purposes," and "securities laws combating fraud should be construed 'not technically and restrictively, but flexibly to effectuate [their] remedial purposes.' *SEC v. Capital Gains Research Bureau,* 375 U.S. 180, 195, 84 S.Ct. 275, 285, 11 L.Ed.2d 237 (1963)" this Court is persuaded that the holding of *Freeman v. McCormack* will ultimately be rejected by the Tenth Circuit. Thus, this Court will depart from its previously holding in *Freeman,* supra.

A motion to dismiss must be denied unless the plaintiffs can prove no set of facts in support of their claim for relief. *Scheuer v. Ray,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Under this standard, defendants' motion to dismiss must be denied.