**Ron K. RICHEY, Glen D. Calame, C.B. Hudson, Jr., Frank Jones, and Jim Moreland, Plaintiffs,**

v.

**WESTINGHOUSE CREDIT CORPORATION, a Delaware corporation, Defendant.**

No. CIV–86–1683–W.

United States District Court, W.D. Oklahoma.

Dec. 29, 1986.

John T. Edwards, Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, Okl., for plaintiffs.

Joseph P. Titterington, Kenan & Peterson, Oklahoma City, Okl., for defendant.

## ORDER

LEE R. WEST, District Judge.

Defendant, Westinghouse Credit Corporation ("Westinghouse") moves this Court to dismiss the first through seven causes of action, inclusive, of Plaintiffs Ron K. Richey, Glen D. Calame, C.B. Hudson, Jr., Frank Jones, and Jim Moreland's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiffs bring this action pursuant to §§ 12(1), 12(2), 15, and 17(a) of the Securities Act, 15 U.S.C. §§ 77*l*(1), 77*l*(2), 77(*o*), 77q(a); 15 O.S. §§ 58 and 59; 23 O.S. § 9; 71 O.S. § 408; 76 O.S. § 2, et seq.; and common law.

■ When a motion to dismiss is before the Court, under Rule 12(b)(6), the factual allegations of the complaint must be taken as true and all reasonable inferences from them must be indulged in favor of the complaint. *Mitchell v. King,* 537 F.2d 385, 386 (10th Cir.1976). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Further, the complaint should not be dismissed merely because plaintiff's allegations do not support a stated legal theory, for the court is obligated to determine whether the allegations support relief on any possible theory. *See Perington Wholesale, Inc. v. Burger King Corp.,* 631 F.2d 1369, 1375 n. 5 (10th Cir.1980).

In the case at bar, Plaintiffs each purchased certain interests in limited partnerships offered by Patrick E. Powers Company (hereinafter "PEPCO"), during calendar year 1982. Plaintiffs allege that Powers, PEPCO, and the limited partnerships directly and through agents misstated the use of proceeds of the securities to investors, and through a series of actions, defrauded plaintiffs. Plaintiffs allege Defendant Westinghouse was involved in a scheme and conspiracy with Powers and PEPCO to defraud them. Defendant West-

inghouse conducted lengthy audits of the books and records of PEPCO and several of its affiliates and allegedly was aware of the plan and scheme to defraud investors. Defendant was also a beneficiary of several letters of credit which were issued to Plaintiffs by commercial banks.

Defendant moves this Court to dismiss Plaintiffs' First, Second and Third Causes of Action on the grounds that such claims are barred by the applicable statute of limitations. Defendant moves this Court to dismiss Plaintiffs' Fourth Cause of Action on the ground that § 17(a) of the Securities Act does not afford a private right of action to Plaintiffs. Defendant moves this Court to dismiss Plaintiffs' Fifth, Sixth, and Seventh Causes of Action on the ground that Plaintiffs' claims under the Oklahoma Securities Act are barred by the applicable statute of limitations.

Plaintiffs assert claims against Defendant Westinghouse premised upon its alleged violation of §§ 12(1) and 12(2) of the Securities Act of 1933, 15 U.S.C. § 77l(1) and (2), in the first and second causes of action. Defendant argues these claims are barred by the applicable statute of limitations. Defendant also argues it is not the party from whom any plaintiff received title to the securities Plaintiffs purchased, and therefore is not liable under § 12(1) as a person who "offers or sells a security in violation of" the registration requirements.

The applicable statute of limitations for a § 12 action is found in § 77m, and states no action may be maintained to enforce any liability created under § 77k or 77l(2) unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence. If the action is to enforce a liability created under § 77l(1), such action must be brought within one year after the violation upon which it is based occurred. "In no event shall any such action be brought to enforce a liability created under § 77k or 77l(1) of this title more than three years after the security was bona fide offered to the public, or under § 77l(2) of this title more than three years after the sale."

■ The same statute of limitations established by § 77m applies to plaintiffs' claim against Westinghouse premised upon § 15 of the Securities Act, 15 U.S.C. § 77o. Plaintiffs urge this Court to apply Justice Hugo Black's statement in *Glus v. Brooklyn Eastern Terminal*, 359 U.S. 231, 232–234, 79 S.Ct. 760, 762, 3 L.Ed.2d 770 (1959) that a defendant cannot take advantage of his own wrong by hiding behind a statute of limitations. Plaintiffs allege Defendant is attempting to do so in this case. The Second Circuit applied Justice Black's reasoning to toll the one year statute in § 77m applicable to § 77l(1) violations. *See Katz v. Amos Treat & Co.*, 411 F.2d 1046, 1055 (2d Cir.1969). Plaintiffs argue that, similarly, the three year statute of limitations in § 77m must be tolled, under the doctrine of fraudulent concealment.

■ Although the district courts seem split on the issue of whether the doctrine of fraudulent concealment applies in cases such as the instant one, the Fifth Circuit recently issued an opinion which clarifies the interpretation of this particular statute of limitations. In *Summer v. Land and Leisure, Inc.*, 664 F.2d 965 (5th Cir.1981), the facts reveal that more than three years had passed between the alleged wrongful act and the commencement of the action. The district court held the passage of more than three years between the alleged wrongful act and the commencement of a cause of action was an absolute bar to claims under §§ 12(1) and 12(2) in that the normal rules of tolling were inapplicable after three years. The appellant in *Summer* did not seriously contest that ruling, as it was and still is consistent with the view of the majority of courts to consider this question. *See, e.g. Brown v. Producers Livestock Loan Co.*, 469 F.Supp. 27 (D.Utah 1978); *Turner v. First Wisconsin Mortgage Trust*, 454 F.Supp. 899 (E.D.Wis. 1978), rejecting plaintiff's argument the three year period could be tolled by defendant's concealment of the claim, noting, "Otherwise 15 U.S.C. § 77m would create a

limitation period for all suits of one year from the time discovery of the untrue statements or omissions should have been made, and the three year provision would serve no purpose at all." 454 F.Supp. at 911; *Cowsar v. Regional Recreations, Inc.,* 65 F.R.D. 394 (M.D.La.1974). The Tenth Circuit has interpreted similar language in the Interstate Land Sales Full Disclosure Act to constitute an absolute bar. *See, Aldrich v. McCulloch Properties, Inc.,* 627 F.2d 1036 at 1042–1043 (10 Cir.1980); *Summer v. Land and Leisure, Inc.,* 664 F.2d 965 at 968. But the court also cited *In Re Home-Stake Production Co. Securities Litigation,* 76 F.R.D. 337 (N.D.Okla.1975), referenced in Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss. *Home-Stake* held a statute of limitations may be tolled under certain circumstances not inconsistent with the legislative purpose of such statute. The court tolled the three year statute of limitations of § 77m for all plaintiffs because of the filing of the class action. However, *Home-Stake* is readily distinguishable from the case at bar in that *Home-Stake* involved a class action.

In light thereof, this Court hereby rejects Plaintiffs' contentions the statute of limitations in § 77m is tolled by Defendant's fraudulent concealment of Plaintiffs' claims. Having so decided, this Court does not reach the question of whether or not Westinghouse is a "seller" under § 12.

Accordingly, Westinghouse is entitled to a dismissal of the first, second and third causes of action on the grounds the statute of limitations applicable thereto has expired.

■ Defendant next argues the fifth, sixth and seventh causes of action of Plaintiffs' complaint must be dismissed because such claims are barred by the applicable statute of limitations. These claims arise under §§ 408(a)(1) and 408(b) of the Oklahoma Securities Act, 71 O.S. 1, et seq. A three year statute of limitations applies to actions arising under § 408(a)(1) pursuant to 71 Okla.Stat. § 408(e) which states "No person may sue under subsection (a)(1) of this section more than three years after the sale." The sale of securities to Plaintiffs occurred in 1982 and Plaintiffs did not file the instant cause of action until September 2, 1986, more than four years afterward.

Unlike § 408(a)(1), violations of § 408(b) are not subject to a specific statute of limitations. Defendants argue the liability established by § 408(b), which is purely of statutory origin, *Braniff v. Coffield,* 199 Okl. 604, 190 P.2d 815 (1947); *Nikkel v. Stifel, Nicolaus & Co., Inc.,* 542 P.2d 1305 (Okla.1975), appears to be governed by 12 O.S. § 95, subdivision two, which establishes a three year period of limitations for an action premised on statutorily created liability. This Court believes that the instant action is governed by 12 O.S. § 95, subdivision three, which provides a two year statute of limitations for relief on the ground of fraud. However, the Court declines to pursue this issue, as it believes the doctrine of fraudulent concealment tolls either statute of limitations. *See Industrial Consultants, Inc. v. H.S. Equities,* 646 F.2d 746 (2d Cir.), *cert. denied,* 454 U.S. 838, 102 S.Ct. 145, 70 L.Ed.2d 120 (1981), applying Oklahoma's two year statute of limitations in a securities fraud action.

■ The statute of limitations period commences on the date the cause of action accrues, and a cause of action accrues at the time when the litigant first could have maintained his action to a successful conclusion. *See, e.g., Sherwood Forest No. 2 Corp. v. City of Norman,* 632 P.2d 368 (Okla.1980); *Knudson v. Weeks,* 394 F.Supp. 963 (D.C.Okla.1975). In the instant case, plaintiffs purchased their securities in 1982, and the date of purchase is the date on which their cause of action accrued. Although the Court notes that date was more than four years prior to the filing of this action, the Court believes the period was tolled until Plaintiffs discovered the omission of material facts and the misrepresentations made to them. Plaintiffs state in their complaint, p. 16, ¶ 44, that this action was brought within one year of such discovery, although specific dates are omitted. In a motion to dismiss, the court must analyze the motion on the basis that all factual allegations in plaintiff's com-

plaint are true. *Mitchell v. King, supra.* Hence, this Court accepts Plaintiffs' factual allegation that this action was brought within one year of discovery.

Plaintiffs reiterate their arguments pertaining to the federal statutes of limitations, in response to Defendant's argument the causes of action under the securities laws of the State of Oklahoma are barred by the applicable statute of limitations. This Court believes the doctrine of fraudulent concealment applies to the alleged Oklahoma securities law violations, as its application is not precluded specifically under the Oklahoma Securities Act, whereas it is specifically precluded under the Securities Act of 1933. The Oklahoma Act does not include a parallel provision to § 77m, which states *"In no event* shall any such action be brought ... more than three years after the sale." (emphasis added). *See, e.g. Feldman v. Pioneer Petroleum, Inc.,* 606 F.Supp. 916 (W.D.Okla.1985), holding an action alleging fraud in the sale of securities, which was filed within two years of when Plaintiffs discovered the alleged fraud, was not barred by the Oklahoma two year statute of limitations for fraud actions, 12 O.S. 1981 § 95, subd. 3; *Rother v. LaRenovista Estates, Inc.,* 603 F.Supp. 533 (W.D.Okla.1984), holding where a confidential relationship exists between the parties at the time of the fraud, Oklahoma's two year statute of limitations for fraud is tolled until the defrauded party has actual notice of the fraud. 12 O.S. 1981 § 95, subd. 3.

Accordingly, this Court finds Plaintiffs' Fifth, Sixth, and Seventh causes of action are not barred by the applicable statute of limitations, on the ground that the statute is tolled under the doctrine of fraudulent concealment, until such time as Plaintiffs discovered, or reasonably should have discovered, Defendant's fraud. It also appears that a confidential relationship may have existed between the parties at the time of the fraud, thereby tolling the statute of limitations until plaintiffs had actual notice of the fraud.

Finally, Defendant argues Plaintiffs' fourth cause of action must be dismissed for the reason § 17(a) of the Securities Act does not afford a private right of action to Plaintiffs. Under § 17(a) of the Securities Act, 15 U.S.C. § 77q, Plaintiffs allege Westinghouse materially participated in and aided in the underlying sales transactions related to their respective purchases of securities. The United States Supreme Court has declined to determine whether a private right of action exists under § 17(a). *Teamsters v. Daniel,* 439 U.S. 551, 557 (n. 9), 99 S.Ct. 790, 795 (n.9), 58 L.Ed.2d 808 (1979). The courts appear to be split on this issue. *See Massaro v. Vernitron Corp.,* 559 F.Supp. 1068 (D.Mass.1983); *Sweeney v. Keystone Provident Life Insurance Co.,* 578 F.Supp. 31 (D.Mass.1983); *Landry v. All American Assurance Co.,* 688 F.2d 381, 387 (5th Cir. 1982); *Hill v. Equitable Trust Co.,* 562 F.Supp. 1324, 1345 (D.Del.1983). However, the district courts in Oklahoma appear to hold a private right of action under 15 U.S.C. § 77q may exist, in light of the Supreme Court's statements in *Herman and MacLean v. Huddleston,* 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983). In *Huddleston,* the Supreme Court stated "[a] cumulative construction of the securities law also furthers their broad remedial purposes," and "securities laws combating fraud should be construed 'not technically and restrictively, but flexibly to effectuate [their] remedial purposes.' *SEC v. Capital Gains Research Bureau,* 375 U.S. 180, 195, 84 S.Ct. 275, 285, 11 L.Ed.2d 237 (1963)." One case which so interpreted the Supreme Court's statements in *Huddleston* is *Geller v. Prudential-Bache Securities,* 591 F.Supp. 27 (W.D.Okla.1983). Earlier cases in the Western District adopted the reasoning in *Freeman v. McCormack,* 490 F.Supp. 767 (W.D.Okla.1980), which found no congressional intent to create a private cause of action under § 17(a) of the Securities Act of 1933. However, the *Geller* court was "persuaded that the holding of *Freeman v. McCormick* will ultimately be rejected by the Tenth Circuit." Thus, the Court departed from its previous holding in *Freeman,* 591 F.Supp. 27 at 28. Subsequent to the determination that § 17(a) provides for a private civil cause of action,

another case, *Westland Energy, 1981–1 Limited v. Bank of Commerce*, 603 F.Supp. 698 (N.D.Okla.1984), followed the *Geller* reasoning, and held § 17(a), 15 U.S. C.A. § 77q(a) permits a private right of action. 603 F.Supp. 698 at 710. Again, the Court stated that, taking into consideration the Supreme Court's decision in *Huddleston, supra,* "this court finds the majority view of the circuit courts which have considered the § 17(a) private right of action issue to be persuasive." 603 F.Supp. at 710. Another case, *Citizens State Bank v. FDIC,* 639 F.Supp. 758 (W.D.Okla.1986) relied on *Freeman, supra,* and held no private right of action existed pursuant to § 17(a). However, *Freeman* was subsequently renounced by its maker in *Geller, supra.*

Therefore, this Court hereby adopts the interpretation of § 17(a) articulated in *Geller* and *Westland Energy,* and concludes that § 17(a) does provide a private right of action for Plaintiffs in the case at bar, as alleged in Plaintiffs' complaint.

Accordingly, it is hereby ORDERED that Defendant's Motion to Dismiss Plaintiffs' First, Second, and Third Causes of Actions is HEREBY GRANTED for the reason that said causes of action are barred by the applicable statute of limitations.

It is FURTHER ORDERED that Defendant's Motion to Dismiss Plaintiffs' Fourth Cause of Action is HEREBY DENIED for the reason that § 17(a) of the Securities Act affords a private right of action to Plaintiffs.

It is FURTHER ORDERED that Defendant's Motion to Dismiss Plaintiff's Fifth, Sixth and Seventh Causes of Action is HEREBY DENIED for the reason that said causes of action are not barred by the applicable statute of limitations.