H. H. NIKKEL et al., Appellees,

v.

STIFEL, NICOLAUS & CO., INC. and Marvin Oaks, Appellants.

No. 46999.

Supreme Court of Oklahoma.

Nov. 18, 1975.

Linn Welch, Copenbarger & Welch, Norman, for appellees.

Bruce W. Day, Roy J. Davis, Andrews, Mosburg, Davis, Elam, Legg & Bixler, Oklahoma City, for appellants.

LAVENDER, Justice:

H. H. Nikkel (Nikkel), Bobby Gene Graves (Graves), and Jimmy D. Julian, as individual purchasers of Mayflower Company (Mayflower) stock, brought suit against Stifel, Nicolaus & Co., Inc. (Stifel), a broker-dealer, its agent Marvin Oaks (Oaks), Don Anderson & Co. (Anderson), a broker-dealer, its agent George Cole (Cole), and others. Five stock sales occurred. Trial was to the court. This appeal goes to a part of the judgment concerning the last two sales. Oaks' and Cole's agency relationship is not an issue.

Graves purchased Mayflower stock November 9, 1970. Nikkel, Graves' father-in-law, purchased Mayflower stock November 10, 1970. Cole was the salesman and Anderson the broker-dealer. The trial court found Oaks and Stifel were the actual sellers with Cole and Anderson participating as a conduit to effect the sales. Judgment was entered for Nikkel and Graves against Oaks and Stifel. They appeal. Cole and Anderson were not found liable. That part of the judgment has become final.

Other than to establish prior circumstances, the three earlier stock sales and resulting judgment against Oaks and Stifel is not important to this review. Julian made two purchases of Mayflower stock on September 30 and October 22, 1970. Graves made his first purchase of Mayflower stock October 23, 1970. These prior sales were through Oaks and Stifel. Cole and Anderson were not involved.

As a stock salesman and agent of Stifel, Oaks previously had sold Julian other stock. Through this contact, Oaks sold Julian Mayflower stock. On the second sale to Julian, Oaks also sold Mayflower stock to Graves. Testimony conflicted as to whether these sales were solicited or unsolicited. Later Oaks told Graves that Stifel no longer handled Mayflower stock. If Graves was still interested, Oaks would have Cole, a salesman for another broker-

dealer, contact him. There was conflict in testimony as to that initial contact between Graves and Cole. It was made. Cole advised he knew very little about Mayflower stock. He did take and fill the stock orders for Graves and his father-in-law, Nikkel, for Mayflower stock which was the sale of November 10, 1970.

The judgment of the trial court found the five sales of Mayflower stock was in violation of the Oklahoma Securities Act, 71 O.S.1971 § 1 et seq. for the Mayflower stock was unregistered and non-exempt. That determination is not challenged in this appeal. The judgment gave damages under the civil liability section of the Act, § 408, against Oaks and Stifel. The judgment denied liability as to Cole and Anderson. The award against Oaks and Stifel as to the November 10th sales to Graves and Nikkel is before this court in this appeal.

Appellants, Stifel and Oaks, argue the seller in the last two stock sales were Anderson and Cole. Stifel and Oaks were at most participants. Any civil liability would be under § 408(b), supra. Under that subsection, the liability of the seller is a prerequisite for there to be liability as to one materially participating or aiding in the sale. Since the trial court's judgment had not found the sellers Anderson and Cole, liable, that court's judgment as to liability of the participants, Stifel and Oaks, was in error.

Appellees, Graves and Nikkel, argue the trial court was correct in finding Stifel and Oaks made the sales with Anderson and Cole the conduit or aider. The civil liability of Stifel and Oaks was under § 408(a) as one who "offers or sells." Appellees do not challenge appellants' understanding of § 408(b), supra, and the required prerequisite of liability of a person under subsection (a), supra. Anderson and Cole say they were the conduit or aider, and Stifel and Oaks were the actual sellers.

Both appellants and appellees note the Nikkel testimony as whether he intended or not to hold Stifel and Oaks liable. Nikkel's intent is evident. He named Stifel and Oaks with Anderson, Cole, and others as defendants. His intent is not material to the decision of this case. The issue is Stifel's and Oaks' civil liability or lack thereof under § 408, supra. The lack of liability as to Anderson and Cole has already been determined by the trial court. That part of its judgment is not appealed and is final.

Paragraph 15 of the trial court's findings of fact in the journal entry of judgment reads in part:

"* * * Each of these sales (the entire five sales involved in the litigation) was solicited by the defendants Marvin Oaks and Stifel, Nicolaus & Co., Inc. George Cole and Don Anderson & Co., Inc. were simply participants in these sales and were used by the defendants Marvin Oaks and Stifel Nicolaus & Co., Inc. as a conduit to effect the solicitation and ultimate sales to the plaintiffs H. H. Nikkel and Bobby Gene Graves." (Explanation added.)

■ In the "blue sky case" of *Braniff v. Coffield*, 199 Okl. 604, 190 P.2d 815 (1957), this court said by syllabus:

"In an action of purely statutory origin where the statute relied on specifically prescribes the elements of liability thereunder and names the classes of persons whose acts may render them liable to its penal provisions, common-law principles may not be invoked to extend or add to the elements of liability prescribed by the statute, nor to enlarge the classes of persons to whom its penal provisions may be applied."

Section 408(a), supra, limits liability to one who offers or sells the security that is in violation of specified sections of the Oklahoma Securities Act. This class cannot be enlarged by invoking common-law principles.

■ Appellees' brief says there is sufficient evidence to sustain the findings of fact at paragraph 15 of the journal entry.

This argument is based on (1) the sound discretion of the trial court after hearing all of the evidence and the argument of counsel, and (2) since Oaks was subsequently employed of Cole and by reading the whole transcript "Cole was in this picture simply because of his friendship with Marvin Oaks." The brief points to no evidence in the record reasonably tending to support the trial court's findings.

On reviewing the record, one notices:

(1) Appellee Graves testified that after his initial purchase of Mayflower stock, Oaks would not sell him more Mayflower stock for Stifel no longer handled that stock; he knew a company or man that possibly could sell such stock to him;

(2) Appellee Nikkel testified to a similar conversation with Oaks. His testimony also included:

"Q. Did he (Oaks) offer to sell you stock in Mayflower Company? (Explanation added.)

A. Mr. Oaks stated that Stifel, Nicolaus was no longer handling it."

\* \* \* \* \* \*

"Q. Who did you buy Mayflower Company stock from?

A. George Cole of Don Anderson Company."

(3) Cole's testimony showed no commission went to Stifel or Oaks; he knew of no interest they had in the transactions he handled.

This is uncontradicted evidence with items (1) and (2) established by the appellees themselves. In a law action, wherein jury was waived, the findings of the trial court must be accorded the same force and effect as the verdict of a jury if there is any evidence reasonably tending to support them. *Braniff v. Coffield, supra.*

■ In the case at bar, the trial court supported its judgment with finding of fact at paragraph 15 in the journal entry. We find no evidence reasonably tending to support these findings in the record. The findings and judgments sought to enlarge the class of those liable under § 408(a) by invoking common-law principles. We hold this to be in error.

■ Section 408(a), supra, places liability on "(a)ny person who offers or sells a security \* \* \*." The disjunctive "or" is used. The definition section of the Oklahoma Securities Act defines "sell" and "offer." 71 O.S.1971 § 2(j)(1) and (2).[2] One element of "sell" in that definition is a contract or disposition of a security. Here, any contract or disposition was by Cole and not Oaks. "Offer" as there defined includes any solicitation of an offer to buy. Here, Oaks offered to place Graves and Nikkel in contact with Cole. It was not a solicitation by Oaks of an offer to buy for Graves and Nikkel Mayflower stock.

The initial purchase of Mayflower stock by Graves was handled by Oaks. That is one of the first three sales not before us on this appeal. Through this and other contacts with Oaks, Graves and his father-in-law, Nikkel, could have received additional information as to the potential of the Mayflower company. The evidence negates any "offer or sell" of Mayflower stock by Oaks and Stifel. It affirmatively establishes the sale was made by Cole and Anderson.

Oaks and Stifel did not come within the terms of § 408(a), supra. They did not offer or sell Mayflower stock in the last two stock transactions.

■ Section 408(b), supra, places liability on one who materially participates or

2. Now cited as 71 O.S.Supp.1974 § 2(13) and (14) the reading is the same and provides:

"(13) 'Sale' or 'sell' includes every contract of sale of, contract to sell, or disposition of, a security or interest in a security for value.

(14) 'Offer' or 'offer to sell' includes every attempt or offer to dispose of, or solicitation of an offer to buy, a security or interest in a security for value."

aids in a sale made by one liable under subsection (a). Legislative enactments must be interpreted in accordance with their plain ordinary meaning according to the import of the language used. *Alfalfa Electric Coop., Inc. v. First Nat. B. & T. Co.*, Okl., 525 P.2d 644 (1974).

We agree with appellants' position. As a prerequisite for liability by a participant or aider in a sale under subsection (b), supra, the person making the sale must be liable under subsection (a). Cole and Anderson were found not liable. That part of the judgment is final. We have heretofore determined in this opinion they are the only persons who could have been liable under subsection (a), supra. The evidence does establish Oaks and Stifel as persons who aided Cole and Anderson in making the last two Mayflower stock sales. Oaks and Stifel are not charged with civil liability under subsection (b), supra, for Cole and Anderson were not held liable under subsection (a), supra.

Reversed.

All of the Justices concur.