Donald R. ROCHAMBEAU, Plaintiff,

v.

BRENT EXPLORATION, INC., a corporation, Walter B. Ruck and Audrey B. Ruck, Defendants.

Civ. A. No. 77–K–932.

United States District Court, D. Colorado.

July 12, 1978.

---

Robert C. Kaufman, Roath & Brega, Denver, Colo., for plaintiff.

David J. Clarke, Clarke & Waggener, Denver, Colo., for defendants.

## ORDER

KANE, District Judge.

Defendants filed a motion to dismiss on November 23, 1977. Since the motion was accompanied by affidavits, depositions and exhibits which referred to matters *dehors* the pleadings, it was converted, pursuant to Rule 12(e) F.R.Civ.P. to a motion for summary judgment by order dated May 22, 1978. Oral argument was held June 12, 1978.

This is a securities case alleging violations of the Securities Act of 1933, 15 U.S.C. §§ 77*l*(1), and 77*l*(2); the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b–5; the Colorado Revised Statutes § 11–51–125(1); and § 25110 and § 25401 of the California Corporate Securities Law.

Plaintiff's complaint pleads the following claims for relief:

1. Violation of 15 U.S.C. § 77*l*(1) for failure to file a registration statement;

2. Violation of C.R.S. § 11–51–125(1) (1973) for failure to file a registration statement;

3. Violation of the Qualification Requirements of § 25110 of the California Corporate Securities Law for failure to qualify the issuance of the security;

4. Violation of 15 U.S.C. § 77*l*(2) for the making of untrue statements of material facts and for failure to disclose to the plaintiff facts which plaintiff claims were necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

5. Violation of C.R.S. § 11–51–125(1) on the same grounds stated in the fourth claim for relief;

6. Violation of § 25401 of the California Corporate Securities Law on the same grounds stated in the fourth claim for relief;

7. Violation of 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b–5 for using a means or instrumentality in interstate commerce to make untrue statements of material facts and to omit to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and for engaging in acts, practices or courses of business which operated as a fraud or deceit upon plaintiff; and

8. Breach of express or implied warranty that all well drilling and completion activities would be conducted in a workmanlike manner; and for misrepresentation that Flying Diamond Corporation had the option to become operator of the leased lands and that in the event that option was exercised defendant Brent would not have any control, power or authority over well completion activities.

The evidence filed for consideration in ruling on the motion for summary judgment includes the following: (1) Affidavit of Walter B. Ruck; (2) Statements addressed to Donald R. Rochambeau; (3) Operating Agreement dated March 18, 1976 (including exhibits); (4) Deposition of Kenneth Philip Bottoms; (5) Deposition of Michael North; and (6) Attorney's affidavit for Donald R. Rochambeau.

■ The affidavit of Donald R. Rochambeau's attorney filed on June 9, 1978 was not considered in this ruling since it does not comply with Rule 56(e) of the F.R. Civ.P. The rule provides that "supporting and opposing affidavits shall be made on *personal knowledge*, shall set forth such facts as would be *admissible in evidence*, and shall show affirmatively that the *affiant is competent to testify to the matters stated therein*." (Emphasis added.) The

affidavit fails in all respects to meet this criteria. *See* Wright & Miller, *Federal Practice and Procedure: Civil § 2738* at 699–702 and cases cited therein.

## I

The federal cause of action alleged in plaintiff's first claim for relief is a new right created by statute. Where a new right is qualified by a statute of limitations, the qualification is substantive, not procedural. Failure to plead facts sufficient to show that the jurisdictional requirement has been met ousts this court of subject matter jurisdiction which it otherwise might have. *Mathney v. Porter*, 158 F.2d 478 (10th Cir. 1946).

Plaintiff has alleged a cause of action based on a violation of 15 U.S.C. § 77*l*(1) for failure of defendants to file a registration statement prior to the sale of the security in question. Defendants submit that the plaintiff has failed to meet the governing statute of limitations and that the case should be dismissed for lack of subject matter jurisdiction. 15 U.S.C. §§ 77m provides:

> No action shall be maintained to enforce any liability created under section . . 77*l*(1) of this title, unless brought within one year after the violation upon which it is based. . . .

Plaintiff sets forth two different legal arguments in support of his allegation that this action was timely filed. First, he alleges that the North Kaye Project Agreement, the subject of this dispute, was signed on June 24, 1976; that the complaint in this case was filed on October 7, 1977 and that the relevant date for limitation purposes is the date of the last payment, i. e., May 3, 1977. Second, he argues that the claim is not barred "since the sale of the security herein complained of is a continuing one." *Complaint, ¶ 11.* Plaintiff's brief in opposition to defendants' motion for summary judgment relies on the date of October 12, 1976 as the determinative date for the statute of limitations question. Plaintiff urges that the payment made to defendant on this date marked plaintiff's "independent decision" to purchase an interest in the completion of the well; that he was under no contractual obligation to continue investing in the well; and that he had the *option* of participating in the completion of the well.

Plaintiff cites three cases to buttress his "continuing violation" argument. None supports the proposition. *See Securities and Exchange Commission v. American Founder Life Ins. Co.*, [1958] Fed.Sec.L.Rep. (C.C.H. ¶ 90,861) (D.Colo.1958); *Moses v. Michael*, 292 F.2d 614 (5th Cir. 1961); *Creswell-Keith, Inc. v. Willingham*, 264 F.2d 76 (8th Cir. 1959). The violation claimed is based on the sale of an interest in an oil and gas lease by an agreement dated June 24, 1976. Although plaintiff had the option to purchase an interest in the completion of the well, the rights and obligations of the parties were fixed by that agreement and were thereafter governed by that agreement, no matter what course of action either chose to take. In *Bryant v. Uland*, 327 F.Supp. 439 (S.D.Tex.1971), plaintiff sought recission of various transactions wherein he had purchased unregistered securities covering oil and gas leases. The court's determination that this was *not* a continuing violation with each payment is persuasive:

> The violation which commences the running of the statute must be the first violation. Otherwise, the statute of limitations would be rendered meaningless. This is particularly true where, as in the present case, the plaintiff has control over succeeding violations, i. e., by making further installment payments. *Id.* at 447.

In the absence of any evidence that the October 12, 1976 transaction was the sale of another separate security, this claim for relief is clearly outside the one year limitation period.

Accordingly, plaintiff's first claim for relief is dismissed because of the lacuna in the essentials of subject matter jurisdiction.

## II

Plaintiff next alleges causes of action pursuant to C.R.S. § 11–51–125(1) and

§ 25110 of the California Corporate Securities Law for failure of the defendants to file a registration statement prior to the sale of the security in question. Defendants contend that plaintiff's second and third claims for relief should be dismissed since the security purchased here was exempt from registration requirements under the Colorado and California private offering exemptions, C.R.S. § 11–51–114(2)(i) and § 25102(f) of the California Corporate Securities Law.

Colorado Revised Statutes, 1973, *as amended*, § 11–51–114(2)(i), provides in pertinent part that the sale of a security "not involving any public offering" is exempt from registration.

> [T]he phrase 'not involving any public offering' means any offering where the seller reasonably believes that the securities purchased are taken for investment and not with a view toward sale or resale and where each offeree, *by reason of his knowledge about the affairs of the issuer or otherwise, does not require the information which would be set forth in a registration statement under this article in order to make a reasonably informed judgment with respect to such investments.* (Emphasis added.)

Defendants support their argument that this transaction was exempt from the registration requirements under Colorado law with *Lowery v. Ford Hill Investment Co.,* 548 P.2d 127 (1976), and the affidavit of Walter B. Ruck. In *Lowery*, the Colorado Court of Appeals held that "the needs of each offeree must be emphasized in determining whether an offer is deemed to be public. The burden is on the one claiming the exemption to show that his offer is not to the public. . . ." *Id.* at 130. The court continued, "the issue of whether an exemption involves a public offering is a *question of fact* dependent upon all surrounding circumstances." *Id.* at 131 (emphasis added).

Six different criteria, drafted by the State of Colorado Division of Securities, were utilized by the court in analyzing the exemption issue. Included in this list is "the offeree's knowledge, i. e., special information or access to material data concerning the issuer, its financial condition, business operations, etc." *Id.* In the instant case the defendants allege that the entire transaction was a "closely knit arrangement" among friends and acquaintances which necessarily involved purchasers with sophisticated discernment about the oil and gas drilling industry. In addition, affiant Walter F. Ruck contends that he believed

> all offerees were financially sophisticated and capable of evaluating the merits and risks of the prospective investment. *Affidavit of Walter B. Ruck,* ¶ 13.

> [That plaintiff], by reason of his knowledge of the affairs of the issuer and geology of the area involved, did not require the information which would be set forth in a registration statement in order to make a reasonably informed judgment with respect to such an investment. *Id.* at ¶ 15.

> [That plaintiff] was sent a daily report by Flying Diamond . . . and plaintiff discussed said reports with other owners of working interests. *Id.* at ¶ 19.

In opposition plaintiff submits that he did not have a close relationship with the Defendants such that he would have had access to information relating to their business activities, or this particular investment—information which would have been contained in a registration statement, had one been issued. Further, Plaintiff was not an experienced or sophisticated investor in oil and gas ventures of this sort, and his knowledge of oil and gas investments was extremely limited. *Plaintiff's Brief* at p. 4.

Consideration of this allegation is precluded since plaintiff's brief does not comport with Rule 56(e) of the Federal Rules of Civil Procedure. There is a noted absence of any allegations by the plaintiff which address the relationship between the parties and the sophistication of the plaintiff which could properly be considered on a motion for summary judgment.

Rule 1 of the Federal Rules of Civil Procedure provides that the rules "shall be

construed to secure the just, speedy, and inexpensive determination of every action." Rule 2 provides that "there shall be one form of action to be known as 'civil action.'" Rule 3 provides that "a civil action is commenced by filing a complaint with the court." Rule 8 provides that "a pleading which sets forth a claim for relief . . . *shall contain* . . . (2) *a short and plain statement of the claim showing that the pleader is entitled to relief* . . ." Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

There is a total absence in the record of any facts which may be considered which support plaintiff's contention that he is entitled to relief. The case lends itself to summary judgment treatment in light of the allegations set forth in pleadings and affidavits submitted by the defendants and the noted absence of any allegations or denials by the plaintiff in the form of pleadings or other acceptable forms of evidence.

In his brief, however, plaintiff requested that should the court find that the complaint does not adequately present his claims he be permitted to amend the complaint. Rule 15(a) of the Federal Rules of Civil Procedure is generally given a broad interpretation in permitting the amendment of pleadings:

> Pleadings are not an end in themselves but are only a means to assist in the presentation of a case to enable it to be decided on the merits. In order to further this policy, the court, on its own initiative, may require the parties to amend to avoid dismissal.

*Wright & Miller, Federal Practice and Procedure: Civil* § 1473. Accordingly, plain-tiff's motion to amend the complaint is granted.

## III

Section 25102 of the California Securities Law of 1968 provides in pertinent part:

> The following transactions are exempted from the provisions of Section 25110:
>
> . . . . .
>
> (f) Any offer or sale, in a transaction not involving any public offering of any bona fide general partnership, joint venture or limited partnership interest,
>
> . . . . .

Defendants argue that this was a joint venture within the meaning of this exemption. They rely on *Vicioso v. Watson*, 325 F.Supp. 1071 (C.D.Calif.1971), wherein the court found a joint venture in an oil and gas lease transaction. However, that determination was made *after a trial on the merits*, not on a motion for summary judgment. After setting forth the criteria required for the finding of a joint venture, the court was careful to note:

> In determining whether the flexible criteria for a joint venture have been met, the Court should be guided by the intentions of the parties as *evidenced by the facts*. *Id.* at 1077.

The instant case is replete with questions of fact regarding the relationship between the parties and the right to control possessed by the various parties. Summary judgment is, therefore, inappropriate.

Defendants' motion for summary judgment on the third claim for relief is denied.

## IV

Defendants allege that plaintiff's fourth and sixth claims for relief are barred by the applicable federal and California statutes of limitation, 15 U.S.C. § 77m and § 25506 of the California Corporate Securities Law respectively. These claims set forth facts which plaintiff alleges were not disclosed to him but were necessary in order to make the statements disclosed to him, under all of the circumstances, not misleading. Section 77m provides that

No action shall be maintained to enforce any liability created under section . . 771(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence.

It has generally been recognized that the one year limitation period under § 77m is tested upon an objective standard of reasonable diligence on the part of the buyer in discovering the fraud. In *Johns Hopkins University v. Hutton*, 488 F.2d 912 (4th Cir. 1973), *cert. den.*, 416 U.S. 916, 94 S.Ct. 1622, 40 L.Ed.2d 118 the court noted:

Traditionally, federal equity doctrine has recognized that the discovery of fraud is either the date of actual discovery or the date on which the plaintiff in the exercise of reasonable diligence should have made such discovery . . . 'Full and complete knowledge of an alleged fraud or breach of contract is not essential to impose upon a would-be rescinder the necessity of acting promptly and diligently if he wishes to assert a rescission. It is enough that he has such notice of the facts as would impel a reasonable man in his position to make inquiry. Having such notice, he will be chargeable with knowledge of all the facts which inquiry would disclose.' *Id.* at 917, *citing* Friedman, *Delay as a Bar to Rescission*, 26 Cornell Law Quarterly, 426, 432 (1941).

In *Gilbert v. Nixon*, 429 F.2d 348 (10th Cir. 1970), the Tenth Circuit held that the buyer-plaintiff had the burden of proving his "excusable ignorance." However, the court was careful to note that the purchaser was not required to prove the negative proposition that he could not have discovered the falsity upon reasonable investigation. The complaint filed by the buyer-plaintiff in the case at bar sets forth that plaintiff "discovered the facts constituting the violation within one year prior to the date of commencement of the action." However, plaintiff has failed to make an allegation that, *in the exercise of reasonable diligence*, he could not have discovered the facts constituting the violation prior to one year before commencement of this action. The law is clear that although plaintiff is not under a duty to investigate, he must *affirmatively plead* that ascertainment of the facts could not with reasonable diligence have been made within the one year period.

Again, for the reasons stated in Part II hereof, plaintiff's motion to amend the complaint is granted.

For purposes of defendants' motion for summary judgment on this issue, the Fourth Circuit's analysis is persuasive:

'The concept of due diligence is not imprisoned within the frame of a rigid standard; it is protean in application. . . Inevitably the factual issue of due diligence involves, to some extent at least, the state of mind of the person whose conduct is to be measured against this test and it is simply not feasible to resolve such an issue on motion for summary judgment.'

488 F.2d at 918, *citing Azalea Meats, Inc. v. Muscat*, 386 F.2d 5 (5th Cir. 1967).

Accordingly, defendant's motion for summary judgment on the sixth claim for relief is denied.

Section 25506 of the California Corporate Securities Law provides that

No action shall be maintained to enforce any liability created under Section . . 25501 . . . unless brought *before the expiration of four years after the act of transaction* constituting the violation *or* the expiration of *one year after the discovery by the plaintiff* of the facts constituting the violation, whichever shall first expire. (Emphasis added.)

Since plaintiff has alleged that he discovered the facts constituting the violation within one year prior to the date of commencement of this action, a question of fact exists as to the California statute of limitations issue.

Accordingly, defendants' motion for summary judgment on the fourth claim for relief is denied.

## V

Defendants allege that plaintiff's second, fifth and seventh claims for relief fail to state claims. Defendants contend that Rule 9(b) of the Federal Rules of Civil Procedure requires that the circumstances constituting fraud or mistake be stated with particularity. They further submit that plaintiff must tender the security to defendants before he may seek recission, i. e., tender the working interest in the oil and gas lease. Finally, defendants contend that the allegations in the complaint are conclusory.

■ Plaintiff's second and fifth claims for relief allege violations of Colorado securities law as set forth in C.R.S. §§ 11–51–106, –125(1) (1973). The applicable statute of limitations is two years after the contract of sale. C.R.S. § 11–51–125(5). The agreement between the parties was made on June 24, 1976. The action was commenced on October 7, 1977. The jurisdictional requirement with respect to these claims has been met.

Defendants argue that plaintiff must tender the security to defendants before he may seek recission. Colorado Securities Law, C.R.S. § 11–51–125 (1973), has been recognized in this circuit as the analogue of Section 12 of the 1933 Act, 15 U.S.C. § 77*l*. *See Kerby v. Commodity Resources Inc.,* 395 F.Supp. 786 (D.Colo.1975). Section 77*l* provides that investors may sue the issuer to recover the consideration paid ". . . upon tender of such security. . . ."

In *Stadia Oil & Uranium Co. v. Wheelis,* 251 F.2d 269 (10th Cir. 1957), the Tenth Circuit affirmed the tender of securities in an amended complaint. Although the defendants argued that the tender was untimely since it was made subsequent to commencement of the action, the court permitted the securities to be deposited with the clerk of the court at that time.

The Tenth Circuit noted that "[s]ection 77*l* does not say when the tender should be made." *Id.* at 273. The court expressed the view that

[t]he purpose of a tender is to put the parties in status quo. The plaintiffs who have already paid for the stock do not have to give up the stock before they sue for the return of the purchase money. Defendants have not indicated any prejudice to them by the form of the tenders. *Id.* at 274.

*See Chapman v. Dunn,* 414 F.2d 153, 160 (6th Cir. 1969); *Johns Hopkins University v. Hutton,* 297 F.Supp. 1165 (D.Md.1968), *aff'd in part, rev'd in part on other gds,* 422 F.2d 1124 (4th Cir. 1968); *Moses v. Michael,* 292 F.2d 614 (5th Cir. 1961); *Repass v. Rees,* 174 F.Supp. 898 (D.Colo.1959).

■ Since defendants have not indicated any prejudice to them if the tender is permitted at this time, plaintiff is ordered to tender the security to the clerk of the court at the time he files his amended complaint. Any questions regarding the rights of the defendants to the delivery of the security will be determined by the court when and if they arise.

■ Defendants' contention that Rule 9(b) of the Federal Rules of Civil Procedure requires the circumstances constituting fraud or mistake to be stated with particularity is rejected. Paragraphs 22 and 23 of the complaint set forth statements allegedly made by defendants to plaintiff which form the basis of the violations alleged therein. In *Stevens v. Vowell,* 343 F.2d 374 (10th Cir. 1965), the Tenth Circuit held that, in the absence of an allegation of common law fraud, the allegations are sufficient if they conform with the "notice pleading" requirements of the Federal Rules of Civil Procedure. *Id.* at 378. Specifically, the court held that Rule 9(b), "requiring the pleading of fraud with particularity, is not applicable in this case, even assuming that the question was properly raised below." 343 F.2d at 379 n. 3. No subsequent Tenth Circuit decision has changed this rule.

The Supreme Court, in *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), did not require a Rule 9(b) pleading for a 10b–5 claim. The alleged statements of defendants which constitute the basis of plaintiff's claim for re-

lief are set forth in the complaint. If defendants are insufficiently apprised of the alleged fraudulent misstatements and omissions, they may file a motion for more definite statement under Rule 12(e) stating the grounds therefor. Such is probably not necessary, however, since this court strictly applies Rule 16 and will require all issues of fact and law whether contested or stipulated to be set out with particularity and specificity in the pre-trial order.

Accordingly, the motion for summary judgment on plaintiff's second, fifth and seventh claims for relief is denied.

### VI

The motion to dismiss the pendent Colorado and California state claims is denied. The court does not have discretion in exercising jurisdiction over these claims since there is an independent basis for jurisdiction. Plaintiff is a citizen of California, defendants are citizens of Colorado and the amount in controversy exceeds $10,000. 28 U.S.C. § 1332. Accordingly,

IT IS ORDERED that (1) plaintiff's first claim for relief is dismissed; (2) defendants' motion for summary judgment on the second through seventh claims for relief is denied; (3) plaintiff shall file an amended complaint on or before ten (10) days from the date hereof tendering the security to the clerk of the court and setting forth "a short and plain statement of the claim showing that [he] is entitled to relief;" (4) and defendants shall file an answer or otherwise plead on or before ten (10) days from the date of receipt of plaintiff's amended complaint.