Richard C. PARRISH, Linda L. Parrish, Michael G. Smith, and Thomas A. Parrish, Appellees,

v.

BEN–JON OIL COMPANY, an Oklahoma corporation, and John D. Ericsson, an individual, Appellants.

No. 58248.

Court of Appeals of Oklahoma, Division No. 3.

June 14, 1983.

Released for Publication by Order of the Court of Appeals July 22, 1983.

Kirk D. Fredrickson, Oklahoma City, for appellees.

Christopher J. Bernard, Tulsa, for appellants.

HUNTER, Judge:

In this case, the appellees filed an action against appellant corporation and appellant Ericsson, along with other individuals not named on appeal, seeking rescissionary damages for the sale of securities not registered under the Oklahoma Securities Act as required by 71 O.S.1981 § 301. The appellants, at trial and now on appeal, contend that the sale of the securities here was exempt from registration due to the exemption enumerated in either § 401(b)(9)(A) or § 401(b)(15) of title 71 of the Oklahoma Statutes. In awarding judgment for the appellees, the trial court, as the trier of fact, found that the appellants had failed to meet their burden of proof that the sale of the securities was exempt from registration. The appellants appeal from that judgment.

The appellees also sought rescissionary damages on a second cause of action for violation of the anti-fraud provisions of the Oklahoma Securities Act, 71 O.S.1981 § 408(a)(2). In their brief, the appellees assert that the judgment rendered in their favor is also supported by the evidence presented at trial with regard to this second cause of action. However, because the record of this case leads this Court to believe that the trial court did not rule on that separate cause of action, we have not considered the merits of that second cause of action.

The facts pertinent to the issue on appeal are as follows: In late 1977, appellant corporation was formed by appellant Ericsson and several other individuals as an oil and gas exploration company. In March, 1978, appellant corporation, through one of its employees, Worden W. Parrish, Jr., a relative of the appellees, sold unregistered securities to the appellees in the form of undivided interests in an oil and gas prospect known as "Waldrip 1–A Well". At that time, Worden Parrish's only job function for the appellant corporation was to solicit investors for the Waldrip offering and two other oil and gas offerings, for which he was paid $1,000.00 per month plus expenses. The appellees' total working interest in the

Waldrip 1–A well was 12%, for which they collectively paid $15,420.00. Each investor agreed to pay $5,140.00 as his/her proportionate share of the cost for completion of the well to one zone and $400.00 per zone per 4% working interest for any additional zone.

In all, appellant corporation solicited $107,940.00 from seventeen (17) separate investors in exchange for 84% of the working interest in the Waldrip 1–A well. Prior to the sale of these securities, appellant corporation had entered into an agreement with Robert Ehrman, who subsequently became a director of the corporation and who was also a defendant in this lawsuit, whereby, Ehrman would drill and complete the Waldrip 1–A well in one primary zone for the "turnkey" price of $77,500.00, plus $7,500.00 for each additional zone. Ehrman completed the well to one zone, for which he was paid $77,500.00. Ehrman was also paid an unspecified amount to drill additional zones, for which each investor was assessed his proportionate share as per the agreement.

As noted by the parties herein, the burden of proving that a security is exempt from registration is upon the party asserting an exemption. *State v. Hoephner,* 574 P.2d 1079 (Okl.Cr.1978); 71 O.S.1981 § 401(e). Furthermore, all the elements of the particular exemption claimed must be proven. *Lambrecht v. Bartlett,* 656 P.2d 269 (Okl.1982).

After reviewing the record, we find that the trial court was correct in finding that the appellants had failed to prove that the securities were entitled to be exempt from registration under either § 401(b)(9)(A) or § 401(b)(15). A common element of both exemptions is the requirement that "[n]o commission or other remuneration is paid or given directly or indirectly for the solicitation of any such sale...." 71 O.S.1981 §§ 401(b)(9)(A)(1), 401(b)(15)(A)(2). Here, the evidence is uncontroverted that Worden Parrish was paid $1,000.00 per month by the appellant corporation for the sole function of soliciting investors for the Waldrip 1–A well. *See Petroleum Resource Development Corp. v.*

**1310**

State, 585 P.2d 346 (Okl.1978); *Schultz v. Rector-Phillips-Morse, Inc.,* 261 Ark. 769, 552 S.W.2d 4, 12 (1977). Also, the evidence is clear that the appellants solicited funds in the amount of $30,440.00 in excess of the "turnkey" price for the completion of the well. The appellants' mere assertion, at trial, that those excess funds were utilized to provide a salt water well costing $25,-000.00 and to cover other operating expenses, without any supporting documentation, is insufficient to establish that they had not received any indirect remuneration from the sale of the securities. The only cost indicated by the prospectus was that each investor agreed to pay $5,140.00 as his/her proportionate share of the cost for the completion of one zone and $400.00 per zone per 4% working interest for any additional zones. *See Petroleum Resource Development Corp., supra. See also Upton v. Trinidad Petroleum Corp.,* 652 F.2d 424 (5th Cir.1981).

In addition, another requirement of a § 401(b)(9)(A) exemption is that the legend in the prospectus must state that the "security is not registered under the Act and that the security cannot be resold without being registered or qualified for an exemption under this Act." 71 O.S.1981 § 401(b)(9)(A)(4). The legend contained in the Waldrip 1–A prospectus only states, in essence, that the securities have not been registered and, thus, the legend does not comply with the statutory requirement. Also, § 401(b)(15)(A)(4) requires that "sales [be] effected only to persons the seller has reasonable cause to believe are capable of evaluating the risk of the prospective investment and able to bear the economic risk of the investment." The only evidence proffered with regard to this requirement is the form statement in the prospectus, which was initialed by each investor. We deem that evidence to be insufficient to establish that the requirement of subsection 4 has been met to entitle the appellants to an exemption under § 401(b)(15)(A). *See Lambrecht, supra.*

Based upon the foregoing, the judgment of the trial court is therefore affirmed.

AFFIRMED.

WILSON, P.J., and HOWARD, J., concur.