**Richard GALE, Plaintiff,**

v.

**GREAT SOUTHWESTERN EXPLORATION, et al.,
Defendant,**

**and**

**Billy W. BRYANT, et al., Plaintiffs,**

v.

**GREAT SOUTHWESTERN EXPLORATION CO., INC., et al., Defendants.**

**Nos. 83–C–966–E, 83–C–1037–E.**

United States District Court,
N.D. Oklahoma.

Sept. 17, 1984.

Justus Hefley, Anadarko, Okl., James H. Ivy, Waurika, Okl., Joe Long, Norman, Okl., for plaintiffs.

Lee I. Levinson, Jeffrey G. Levinson, Tulsa, Okl., for Great Southwestern Exploration, Bruce Fadem and Lloyd Fadem.

Ronald C. Bennett, Tulsa, Okl., for J.T. Haile.

## ORDER

ELLISON, District Judge.

The Court has before it the motion of Defendants to dismiss counts 1 and 5 of the complaint as barred by § 13 of the Securities Act of 1933 (15 U.S.C. § 77m).

Count 5:

Defendants argue that count 5, alleging violations of § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77l (2), must be dismissed for failure of Plaintiffs to allege facts suf-

ficient to affirmatively show that suit was filed within the limitation period in § 77m. 15 U.S.C. § 77m provides that an action must be brought for a violation of § 77l (2) "within one year after the discovery of the untrue statement, or the omission, or after such discovery should have been made by the exercise of reasonable diligence ..." Specifically, Defendants argue that Plaintiffs are required to set forth the time and circumstances of the discovery of the untrue statements or omissions, the reasons for failure to discover earlier, and the Plaintiff's diligent efforts in making or seeking discovery of them.

■ Under § 12(2), "the plaintiff-buyer has the burden of proving his excusable ignorance" of the misrepresentation or omission. *Gilbert v. Nixon*, 429 F.2d 348, 356 (10th Cir.1970). However, Plaintiff does not have to prove that he could not have discovered the falsity upon reasonable investigation. *Gilbert*, supra. In *Rochambeau v. Brent Exploration, Inc.*, 79 F.R.D. 381 (D.Colo.1978), citing *Gilbert*, the court held that "although Plaintiff is not under a duty to investigate, he must affirmatively plead that ascertainment of the facts could not with reasonable diligence been made within the one year period." Id. at page 387. In *Woods v. Holmes & Structures of Pittsburg, Kansas*, 489 F.Supp. 1270 (D.Kan.1980) the court deemed sufficient a complaint alleging "that plaintiffs were unaware of omissions alleged and could not have reasonably known of the omissions until on or about October 1, 1974." Id. at page 1289.

■ Here, in paragraph 54 of the complaint in 83–C–966–E, Plaintiff states that he "did not know and through the exercise of reasonable care could not have discovered the misstatements and omissions outlined until he consulted counsel in the summer of 1983." The same language appears in paragraph 61 of the complaint in 83–C–1037–E. In view of the Tenth Circuit standards for pleading compliance with the statute of limitations in a § 12(2) action, this Court finds that count 5 of Plaintiff's

complaint in the consolidated action should not be dismissed.

Defendant, in addition, argues that the right of action set forth in Count 5 (alleging liability under § 77l (2)) is barred by limitations with respect to those claims arising from sales occurring more than three years before the filing of the complaint. The applicable portion of 15 U.S.C. § 77m reads as follows:

In no event shall any such action be brought to enforce a liability created under ... § 77l (2) more than three years after the sale.

A review of the cases reveals that the courts have consistently construed the language of § 77m to bar all claims which occurred more than three years previous to the filing of the complaint. See *Engl v. Berg*, 511 F.Supp. 1146 (E.D.Pa.1981); *Benoway v. Decker*, 517 F.Supp. 490 (E.D. Mich.1981); *Shonts v. Hirliman*, 28 F.Supp. 478 (S.D.Calif.1939).

Plaintiff urges this Court to apply the equitable tolling doctrine to this three year limitations period, arguing that defendants had fraudulently concealed their misrepresentations and omissions.

The complaints herein allege the failure of defendants to disclose to the plaintiffs certain information about the securities purchased, and failure to disclose the true nature of the relationship between plaintiffs and defendants. Nowhere in the complaint do Plaintiffs specifically allege a course of fraudulent conduct on the part of the Defendants with the purpose of concealing violations of § 12(2) to thereby avoid suit during the limitations period. This district has held that the equitable tolling doctrine applies to the three year limitations period of § 12(2) in the case of *In re Homestake Production Co.*, 76 F.R.D. 337 (1975). That case, however, must be distinguished on its facts. The Court found the arguments of Defendants that the three year limit is absolute and that fraudulent concealment does not toll the statute unpersuasive "in the light of the alleged extensive and continuing fraud perpetrated upon Homestake investors, the

SEC and the courts for more than a decade, which fraudulent concealment did not cease until Homestake collapsed in September, 1973 and the facts of the fraudulent scheme were publicly revealed." *Homestake,* supra at p. 345. Plaintiffs herein have failed to allege the type of fraud which could arguably fit under the *Homestake* doctrine. Under Rule 9(b) of the Federal Rules of Civil Procedure, in all averments of fraud the circumstances constituting fraud shall be stated with particularity. Plaintiffs argue in their briefs that Defendants concealed their alleged violations, but have not properly pled such in the complaint. The Court must, therefore, dismiss count 5 of the complaint as to all sales occurring more than three years previous to the filing of the respective complaints, with leave to amend to properly allege fraudulent concealment, only if such fraud does in fact exist. In regard to the complaint filed in case number 83–C–1037–E, all sales occurring prior to December 16, 1980 cannot be the basis of a complaint under § 12(2).

Count 1:

Defendants argue that this Court should dismiss count 1, alleging the sale of an unregistered security in violation of § 12(1) of the Securities Act of 1933, 15 U.S.C. § 77*l*(1), for failure to bring the action within the limitation period in § 77m. The applicable portion of 15 U.S.C. § 77m provides as follows:

> ... If the action is to enforce a liability created under § 77*l*(1) of this Title, [no action shall be maintained] unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under § 77*l*(1) of this Title more than three years after the security was bona fide offered to the public ...

Plaintiffs argue that the "absolute" language of the three year limitations statute can be tolled by fraudulent concealment.

■ The federal cause of action alleged in count 1 is a new right created by statute. Where a new right is qualified by a statute of limitations the qualification is substantive, not procedural, therefore failure to meet the jurisdictional requirement ousts the court of subject matter jurisdiction. *Mathney v. Porter,* 158 F.2d 478 (10th Cir. 1946); *Rochambeau v. Brent,* supra.

It has been held that the doctrine of equitable tolling does not apply to federal limitations periods where "Congress has provided for such by clear unambiguous language." *Brick v. Dominion Mortgage and Realty Trust,* 442 F.Supp. 283, 291 (W.D.N.Y.1977). The court in *Cook v. Avien, Inc.,* 573 F.2d 685, 691 (1st Cir. 1978), stated:

> We hold that, under the explicit language of § 13, the limitations period runs from the date of the violation irrespective of whether the plaintiff knew of the violation.

See also *Engl v. Berg,* 511 F.Supp. 1146 (E.D.Pa.1981); *Benoay v. Decker,* 517 F.Supp. 490 (D.C.Mich.1981).

The Plaintiff cites *In re Homestake Production Co.,* 76 F.R.D. 337 (N.D.Okla.1975) for the proposition that the equitable tolling doctrine should be applied herein. The *Homestake* case, however, concerned a fraud perpetrated on the public, the Securities and Exchange Commission, and even the federal courts over a 10-year period. In addition, the court concerned itself with violations of the anti-fraud provisions of the Securities Act codified under § 77*l*(2). The court in *Engl,* supra at 1151, in refusing to toll the limitations provisions applicable to § 77*l*(1) stated:

> However, *Homestake* is the sole exception to the otherwise unbroken line of cases holding § 13 time limitation absolute, has been ignored in numerous subsequent opinions, and is factually distinguishable from the case at bar in light of the extent and duration of the concealment there involved.

■ This Court declines to extend the holding in *Homestake* to a cause of action under § 77*l*(1). Therefore an action based upon that section must be brought within one year of the violation. The sales al-

leged in case number 83–C–966 occurred between the 22nd of November, 1980 and the 12th of March, 1981. The complaint was filed November 22, 1983, more than one year after the last sale. The complaint in case number 83–C–1037 alleges sales from the 8th of June, 1980 through the 21st of April, 1981. The complaint was filed December 16, 1983, more than one year after the last sale. In view of the applicable limitations period and the failure of all Plaintiffs to bring their cause of action under § 77*l*(1) within one year of the alleged violation, this Court finds that count 1 of the consolidated complaint must be dismissed.

This Court is not unaware of Plaintiffs' arguments that the separate sales should be considered "integrated offerings" under SEC Securities Act Releases no. 4434 and 4552 and 17 CFR § 231.4552, and that additional contributions for completion costs and other costs constituted a separate "sale" for purposes of the Securities Act. The Court however finds that these arguments are not well taken and do not dissuade it from dismissing count 1 for failure of subject matter jurisdiction.

IT IS THEREFORE ORDERED AND ADJUDGED that the motion of Defendants be and the same is hereby granted in the following respects: The Court hereby dismisses count 1 of the consolidated complaints.

The Court hereby dismisses the complaint in count 5 of the consolidated actions in regard to those sales occurring prior to December 16, 1980 pled in case no. 83–C–1037–E.

IT IS FURTHER ORDERED that the motion of Defendants to dismiss be and hereby is denied in part in the following respect: Count 5 of the complaint which alleges that violations could not have reasonably been discovered prior to one year before the institution of the action will be allowed to stand with the exception of those sales occurring more than three years prior to the filing of the complaints.