Fred ADAMS, Jr., John Ansbro, G.L. Bradfield, Philip L. Brown, Donald B. Burgess, Roy O. Burgess, William T. Burgess, George R. Folger, Robert E. Gordon, Ernest Kirby, Jr., F.B. Morales, Ralph E. Parker, John E. Reid, Jr., Ronald R. Renner, Ethel Renner, Agustin Romero, Jr., Lisa Romero, Luis Romero, Peter Romero, Raquel Romero, Charles H. Sickels III, Gilbert W. Smith, and Bobby Theilen, Appellees,

v.

Chester E. SMITH, Jr., an individual, d/b/a Caney Valley Oil and Gas Company, Appellant.

No. 64044.

Court of Appeals of Oklahoma, Division No. 2.

Nov. 4, 1986.

Rehearing Denied Jan. 12, 1987.

Certiorari Denied March 3, 1987.

Patrick H. Kernan, Kernan and Kernan, Edgar H. Parks, III, Parks & Buck, Tulsa, for appellees.

David L. Weatherford, Ungerman, Conner & Little, Jeffrey Levinson, Levinson & Smith, Tulsa, for appellant.

MEANS, Presiding Judge.

Defendant appeals from the trial court's order awarding partial summary judgment to Plaintiffs in this action based on violations of the Oklahoma securities registration statutes. Having reviewed the record and applicable law, we affirm in part and reverse and remand in part.

In the early part of 1978, Defendant Smith acquired oil and gas leasehold interests in Tulsa and Washington Counties. Smith began doing business as Caney Valley Oil and Gas Company and began selling interests in these leaseholds to various friends and acquaintances. Between 1978 and 1982, he sold fractional interests in thirty-seven different wells to approximately eighty different investors. Some of these wells were productive while others were unsuccessful.

As each interest was sold, the investor and Smith signed a "Letter of Agreement" which referred to the fraction of interest which was being purchased, the amount paid, the location and name of the well, and the statement that Smith was the owner of a working interest in a well "to be drilled and [investor] agrees to purchase a portion of said working interest from Smith." It is undisputed that these oil and gas interests were securities within the meaning of the Oklahoma statutes.

On January 1, 1983, Smith sold his interests in all the wells to Defendant Alan R. Grigg and Arg Oil and Gas Company. Pursuant to the terms of a lease acquisition agreement between Smith and Grigg, Grigg began operating the wells. In February 1983, Smith notified his investors that his financial difficulties had forced him to sell his interest to Grigg. Grigg followed this notification with a letter to the investors in March 1983. In that same notification, Grigg sent the investors an operating agreement and requested payment of the investors' proportionate share of the operating expenses. Most of the investors refused to contribute their proportionate share, asserting that their interest was not a working interest. Throughout the spring of 1983, Grigg continued operations of the wells and continued to make demands of the investors for operating expenses. In June 1983, he offered to purchase each of the individual interests. Many of the investors refused this offer and twenty-one of them filed this action on October 7, 1983. Two further plaintiffs were added in the first amended petition which was filed on January 5, 1984.

The twenty-three individual plaintiffs filed this action against Smith, his oil company, Grigg, and Grigg's oil company. The petition listed nine causes of action, some against Smith and Grigg individually, while others named all Defendants. Numerous amended petitions, demurrers, and motions have been filed by the parties. Defendant Grigg's motion for partial summary judg-

ment against Plaintiffs was sustained and is the subject of a companion appeal also decided on this date. *Adams v. Grigg*, No. 64,394 (Okla.Ct.App. Nov. 4, 1986).

This appeal concerns the propriety of Plaintiffs' motion for partial summary judgment on their first cause of action against Smith which was sustained on November 26, 1984. Smith alleges that the motion for summary judgment was improper because several of the claims were barred by the statute of limitations, because there was misjoinder of causes of action, and because a factual controversy exists concerning the securities registration requirements.

Our decision is confined to Plaintiffs' first cause of action which was brought solely against Smith. The petition alleges numerous violations, both of federal and state statutes, as well as common law fraud. This appeal, however, concerns only the allegation of selling unregistered securities in violation of Oklahoma law. Plaintiffs asserted that Smith had violated 71 O.S.1981 § 301, by selling unregistered securities. Partial summary judgment was granted for Plaintiffs under 71 O.S.1981 § 408(a)(1), which provides the civil remedy against those who sell unregistered securities in violation of section 301. Subsection 408(a)(1) provides that any person who offers or sells a security in violation of section 301 is liable for the following:

> (i) in the case of an offer or sale of a security by such means, to the person buying the security from him, who may sue either at law or in equity to recover the consideration paid for the security, together with interest at ten percent (10%) per year from the date of payment, costs, and reasonable attorneys' fees, less the amount of any income received on the security, upon the tender of the security, or for damages if he no longer owns the security. Damages are the amount that would be recoverable upon a tender, less the value of the security when the buyer disposed of it, and interest at ten percent (10%) per year from the date of disposition.

The Oklahoma securities statutes contain their own statutes of limitations. The appropriate limitation period for an action brought against a seller of unregistered securities is found in subsection 408(e), which states: "No person may sue under subsection (a)(1) of this section more than three (3) years after the sale."

I

From the outset of the proceedings, Smith has challenged the timeliness of Plaintiffs' claims. Smith asserts that as a matter of law, the statute of limitations in subsection 408(e) bars those claims for sales which occurred prior to October 7, 1980. This court agrees.

As stated above, the Oklahoma statutes provide that no person may sue for rescission of the sale of unregistered securities more than three years after the sale. 71 O.S.1981 § 408(e). The federal counterpart to this statute of limitations is also three years and found at 15 U.S.C. § 77m (1982).

The Oklahoma Securities Act defines "sale" to include "every contract of sale of, contract to sell, or disposition of, a security or interest in a security for value." 71 O.S.1981 § 2(13). Plaintiffs concede that some of the "sales" in their petition occurred more than three years prior to October 7, 1983. However, they assert several theories under which the statute of limitations has either never begun to run or has been tolled.

Although there are no cases from Oklahoma state courts applying the Oklahoma statutes, we find highly persuasive the federal cases determining this issue in relation to both federal and state limitation periods. A review of the cases reveals that the federal courts have consistently construed language in the federal counterpart to subsection 408(e) to bar all claims which occurred more than three years previous to the filing of the complaint. *See, e.g., Gale v. Great Southwestern Exploration*, 599 F.Supp. 55 (N.D.Okla.1984); *Engl v. Berg*, 511 F.Supp. 1146 (E.D.Pa.1981); *Benoay v. Decker*, 517 F.Supp. 490 (E.D.Mich.1981),

*aff'd without opinion,* 735 F.2d 1363 (6th Cir.1984).

■ Plaintiffs attempt to argue that their claims are not barred because Smith's sales of securities were continuous. This "continuing violation" argument has been soundly rejected by the federal courts. In *Rochambeau v. Brent Exploration, Inc.,* 79 F.R.D. 381 (D.Colo.1978), the plaintiff filed an action for rescission for failure of the defendants to file a registration statement in violation of federal law. In finding that the plaintiff's claim was barred by the statute of limitations and rejecting his "continuing violation" argument, the court stated that "the rights and obligations of the parties were fixed by that agreement and were thereafter governed by that agreement, no matter what course of action either chose to take." *Id.* at 384.

The "continuing violation" theory has been rejected even when the plaintiffs make a series of payments concerning the same security. After reviewing the case law in the area, the federal courts in Texas rejected the argument in *Bryant v. Uland,* 327 F.Supp. 439, 447 (S.D.Tex.1971), stating:

> The violation which commences the running of the statute must be the *first violation.* Otherwise, the statute of limitations would be rendered meaningless. This is particularly true where, as in the present case, the plaintiff has control over succeeding violations, i.e., by making further installment payments. (Emphasis added.)

From the evidence presented in both support and opposition to the motion for summary judgment, it is clear that the rights of the parties were fixed at the time the letter agreements were signed. Each individual letter agreement was a separate sale and had no relation to succeeding agreements. Plaintiffs acknowledged the completion of each sale in their amended petition, stating that these interests were "offered and sold by Smith."

■ Similarly, the federal courts have uniformly rejected the doctrine of equitable tolling in relation to violations of federal securities regulations. The doctrine does not apply to federal limitations periods "where Congress has provided for such by clear and unambiguous language." *Brick v. Dominion Mortgage and Realty Trust,* 442 F.Supp. 283, 291 (W.D.N.Y.1977). The "explicit language" provided in the statutes mandates that "the limitations period runs from the date of the violation irrespective of whether the plaintiff knew of the violation." *Cook v. Avien, Inc.,* 573 F.2d 685, 691 (1st Cir.1978). This holding is consistent in federal courts applying the limitations period to sales of unregistered securities. In *Stoppelman v. Owens,* 580 F.Supp. 944, 947 (D.D.C.1983), the court held that the statute of limitations "begins to run from the date of the alleged violation, *i.e.,* the unregistered offer or sale, without regard to whether plaintiff knew of the violation." The law "sets an absolute limit of 3 years after the sale.... No tolling is allowed." *Benoay v. Decker,* 517 F.Supp. at 496. *See also, Gridley v. Cunningham,* 550 F.2d 551, 552–53 (8th Cir. 1977).

Plaintiffs argue that the doctrine of fraudulent concealment should be applied to their claims, citing *In re Home-stake Production Co.,* 76 F.R.D. 351 (N.D.Okla. 1977). The *Home-stake* ruling has consistently been limited to its particular facts and circumstances. The *Engl* court refused to apply *Home-stake,* stating that it "is the sole exception to the otherwise unbroken line of cases holding [the] time limitation absolute," and that it "has been ignored in numerous subsequent opinions." 511 F.Supp. at 1150–51. Even in the presence of the *Home-stake* exception, the courts uniformly hold that "the normal tolling rules are not applicable to toll the three-year period." *Summer v. Land & Leisure, Inc.,* 664 F.2d 965, 968 (5th Cir. 1981), *cert. denied,* 458 U.S. 1106, 102 S.Ct. 3484, 3485, 73 L.Ed.2d 1367 (1982). "[T]he statutory language requires the conclusion that Congress meant the bar to be absolute." *SEC v. Seaboard Corp.,* 677 F.2d 1301, 1308 (9th Cir.1982).

*Home-stake* has been ignored in numerous subsequent opinions, including those by the district court which rendered it. In

*Gale v. Great Southwestern Exploration,* 599 F.Supp. 55, 57 (N.D.Okla.1984), the court stated:

> The Plaintiff cites *In re Homestake [sic] Production Co.* ... for the proposition that the equitable tolling doctrine should be applied herein. The *Homestake [sic]* case, however, concerned a fraud perpetrated on the public, the Securities and Exchange Commission, and even the federal courts over a 10–year period. In addition, the court concerned itself with violations of the anti-fraud provisions of the Securities Act. ...
>
> This Court declines to extend the holding in *Homestake* [sic] to a cause of action [for sale of unregistered securities].

Plaintiffs' reliance on the doctrine of integration to escape the statute of limitations is also misplaced. The concept of the doctrine of integration was developed to combat the abuse of exemptions from registration. By considering multiple offerings as part of the same offering, the Securities and Exchange Commission and the courts can find that these offerings were not exempt and were required to be registered. *See SEC v. Murphy,* 626 F.2d 633, 645 (9th Cir.1980), for a list of the factors involved in applying the doctrine of intergration to separate and multiple offerings.

Although the doctrine of integration of separate offerings was developed to deal with the problems of unregistered securities, this doctrine was neither developed, nor is it used currently, to avoid the bar of the statute of limitations. *See* Note, *Securities Regulation: Integration of Securities Offerings,* 34 Okla. L.R. 864 (1981). The federal courts have also refused to apply the "integrated offerings" doctrine to avoid the absolute bar of the statute of limitations. *Gale v. Great Southwestern Exploration,* 599 F.Supp. at 59.

This absolute bar of the three-year limitation period is supported by *Nikkel v. Stifel, Nicolaus, & Co.,* 542 P.2d 1305 (Okla.1975). Although *Nikkel* did not involve a statute of limitations question, the court explained the underlying principles of Oklahoma's blue sky laws in the following:

> "In an action of purely statutory origin where the statute relied on specifically prescribes the elements of liability thereunder and names the classes of persons whose acts may render them liable to its penal provisions, *common-law principles may not be invoked to extend or add* to the elements of liability prescribed by the statute, nor to enlarge the classes of persons to whom its penal provisions may be applied."

*Id.* at 1307 (emphasis added) (quoting *Braniff v. Coffield,* 199 Okl. 604, 190 P.2d 815 (1947) syllabus 2).

In the instant case, Plaintiffs did not allege acts on the part of Smith which would bring this action within the *Homestake* exception. There is no assertion that Smith misrepresented that the securities were in fact registered. The record shows that none of the parties, including the Plaintiffs, were concerned about the registration status of the oil and gas interests. Absent any affirmative representation concerning the registration, there is no basis for tolling the statute of limitations. *Upton v. Trinidad Petroleum Corp.,* 468 F.Supp. 330, 334 (N.D.Ala.1979), *aff'd,* 652 F.2d 424 (5th Cir.1981). Plaintiffs are thus barred from recovery for those sales which occurred prior to October 7, 1980.

## II

■ Defendant complains that the trial court erred in overruling his special demurrer concerning misjoinder of the causes of action. Defendant filed a special demurrer to Plaintiffs' initial petition on December 13, 1983. This demurrer was overruled on March 12, 1984. On April 13, 1984, Plaintiffs filed a second amended petition. Defendant's demurrer to this petition only raised the issue of the statute of limitations. This demurrer failed to mention misjoinder of causes of action.

Defendant thus waived any objections to joinder of the causes of action. Title 12 O.S.1981 § 268A(a), provides that if the plaintiff amends or corrects his petition, "the defendant may raise further objections by either motion or demurrer or both, but all such objections must be made at the

same time." Defendant failed to raise objections to joinder of the causes of action in either his demurrer to the amended petition, his answer, or his response to the motion for summary judgment.

### III

Defendant Smith argues that a factual controversy exists concerning the exemption status of the securities which he sold. He contends that these interests were exempt from registration under 71 O.S.1981 § 401(b)(15).

In order for a sale of oil and gas securities to be exempt from the registration requirement, all four of the elements listed in subsection 401(b)(15) must be present. *Lambrecht v. Bartlett,* 656 P.2d 269, 272 (Okla.1982). The burden of proving all four elements in order to establish that the security falls within the exemption is upon the party asserting the exemption. *Parrish v. Ben-Jon Oil Co.,* 666 P.2d 1308, 1309 (Okla.Ct.App.1983). In the instant case, this burden fell on Defendant Smith to demonstrate that the sales were within the terms of the exemption.

A review of the record shows that Smith failed to offer such proof. In fact, the evidence shows that the transactions fail to fall within the exemption. Smith admitted that he received compensation for putting the investments together in the form of a carried working interest. He also admitted that he paid a commission to an individual who promoted the sale of these securities. This evidence fails to meet the requirement of subsection 401(b)(15)(A)(2). Smith also admitted that he had no actual knowledge concerning whether the investors were sophisticated in evaluating the risk of oil and gas investments. Thus, Smith failed to meet the requirements of subsection 401(b)(15)(A)(4), which mandates that "sales are effected only to persons the seller has reasonable cause to believe are capable of evaluating the risk of the prospective investment and able to bear the economic risk of the investment." Contrary to this requirement, Smith admitted that he had never met some of the investors and had no knowledge whatsoever of their expertise or economic background.

Smith's failure to meet two of the four requirements for exemption is uncontroverted. Plaintiffs were thus entitled to summary judgment for rescission concerning those sales which occurred after October 7, 1980.

### IV

Finally, Smith argues that the court erred in the amount of attorney's fees awarded to Plaintiffs. He does not dispute that Plaintiffs are entitled to a fee under the securities statutes.

This court has no transcript of the hearing concerning attorney's fees. Thus we cannot determine which factors the court considered in making its award. Because a great portion of the judgment is now reversed, we must remand the case to the trial court for another determination of fees in accordance with the standards set forth in *State ex rel. Burk v. Oklahoma City,* 598 P.2d 659, 661 (Okla.1979).

In conclusion, the partial summary judgment is reversed as to those claims for sales of unregistered securities which occurred prior to October 7, 1980. We find no factual controversy concerning the registration requirement of the securities and thus Plaintiffs were entitled to summary judgment on those sales which occurred after October 7, 1980. The case is remanded to the trial court for a determination of damages on the remaining claims and a new attorney's fees hearing based on those claims.

REIF, J., and STUBBLEFIELD, J. (sitting by designation), concur.